JAMES A. FARLEY AND SHARON L. FARLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farley
Docket No. 2366-84
United States Tax Court
T.C. Memo 1993-31; 1993 Tax Ct. Memo LEXIS 31; 65 T.C.M. (CCH) 1807; January 27, 1993, Filed *31 Decision will be entered for respondent. For petitioners: Kevin O'Connell. For respondent: Kathey I. Shaw. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for tax year 1979 in the amount of $ 7,302 and an addition to tax under section 6651(a)(1) in the amount of $ 170. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Portland, Oregon, when they filed their petition. A Stipulation of Partial Settlement filed with this Court on September 17, 1991, and a Stipulation as to Concession of Casualty Loss Deduction filed January 8, 1993, resolved all the issues in this case except the addition to tax under section 6651(a)(1) for failure to file a timely return. Petitioner James A. Farley (hereinafter petitioner) is a psychiatrist who experienced *32 serious problems during the calendar year when his return was due in both his personal and his professional life. His wife had undergone surgery and radiation for a brain tumor in 1977 and was never able to resume her former activities. There was considerable strain in his marriage, leading to a separation in 1981 and a divorce in 1987. During this period, petitioner became depressed. Petitioner's practice in 1979 involved both hospital work and outpatient psychotherapy. Possibly because of his depression, petitioner became unhappy with his work and decided to change the direction of his career. He decided to discontinue his outpatient practice, assumed a half-time instructorship in psychiatry at the University of Oregon, in hopes of reorienting toward research and an academic career, continued a half-time inpatient practice, and began consulting half-time at a drug and alcohol abuse clinic. Petitioner found that trying to do all these jobs left him overextended. Ultimately, he concluded, these changes did not work out well. In January 1981, he failed to get a permanent academic appointment. He continued to be depressed and sought the help of a psychiatrist in April 1981, *33 undertaking psychotherapy twice a week. Petitioner's joint Federal tax return discloses a number of business activities undertaken in 1979, among them changing the form of his business from sole practitioner to professional corporation. He claimed a loss of $ 20,393 from an investment in a tax shelter, promoted by Gregory Government Securities, Inc. The dispute concerning the disallowance of this deduction was resolved by the September 1991 stipulation. He claimed a loss of $ 2,028 from his apiary. Petitioner paid the bills for his medical practice, but other financial records were kept by employees. Petitioner, through his income tax preparer, applied for an extension of time to file his 1979 Federal income tax return. The extension was granted until October 15, 1980. The reason given on Form 2688 was that the merger of three accounting practices caused an excessive workload for the preparer. Petitioner's 1979 income tax return was filed on February 9, 1981. Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such *34 failure is due to reasonable cause and not due to willful neglect. The amount of the addition is 5 percent of the amount required to be shown as tax on the return if the failure is for not more than 1 month, with an additional 5 percent for each additional month, up to a maximum of 25 percent in the aggregate. To avoid the imposition of the addition to tax, the taxpayer must show that his failure to file was due to reasonable cause and not to willful neglect. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Illness or incapacity may constitute reasonable cause if the taxpayer establishes that he was so ill that he was unable to file. See Williams v. Commissioner, 16 T.C. 893 (1951). Petitioner bears the burden of proof that this addition to tax does not apply. Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioner argues that his depression constituted reasonable cause for his delinquent filing of his 1979 income tax return. We must disagree. Cases dealing with depression or emotional illness as a defense to the addition to tax for delinquent filing have held that the defense does not apply unless *35 the taxpayer shows that he was incapable of exercising ordinary business care and prudence during the period. See Bear v. Commissioner, T.C. Memo. 1992-690; Conley v. Commissioner, T.C. Memo. 1992-215; Lilley v. Commissioner, T.C. Memo. 1989-602 (rejecting expert witnesses' testimony of mental illness in part because taxpayer had been successful in career), supplemented by T.C. Memo. 1990-96 (denying motion for reconsideration), affd. without published opinion 925 F.2d 417 (3d Cir. 1991); Heber v. Commissioner, T.C. Memo. 1989-85. Cf. United States v. Boyle, 469 U.S. 241, 248 n.6 (1985). Petitioner continued to practice medicine during the period of his depression and took steps which he felt had a potential to improve his career satisfaction. In 1979, petitioner showed no lack of business activity, having invested in a tax shelter, reorganized his medical practice, and taken up keeping bees, as well as accepting two new jobs. He was clearly not disabled or unable to function *36 professionally; in fact, he was overemployed, holding three half-time jobs. No explanation was offered of why petitioner was capable of engaging in highly demanding professional activities and arranging with an accountant to prepare his return, but not of following through to see that the return was filed. We hold that petitioner is liable for the addition to tax for delinquent filing provided for in section 6651(a)(1). Decision will be entered for respondent.